522 So.2d 902 (1988)
Robert Daniel SCARFONE, Appellant,
v.
Thomas R. MAGALDI, Richard Magaldi and Government Employees Insurance Company, a Foreign Corporation, Appellees.
No. 86-2190.
District Court of Appeal of Florida, Third District.
March 1, 1988.
Rehearing Denied April 25, 1988.
*903 Spence, Payne, Masington, Grossman & Needle, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellant.
Arthur J. Morburger, Weinstein, Bavly & Moon, Bedford & Kray, Miami, for appellees.
Before HENDRY and HUBBART and FERGUSON, JJ.

ON REHEARING
PER CURIAM.
This is an appeal by the plaintiff Robert Daniel Scarfone from a final judgment entered in an automobile negligence action in favor of the defendants Thomas R. Magaldi, Richard Magaldi and Government Employees Insurance Company based on an adverse jury finding that the plaintiff had not met the no-fault threshold under Section 627.737(2), Fla. Stat. (1983). The sole point raised on appeal is that the trial court erred in denying the plaintiff's motion for new trial on damages only because, it is urged, the evidence is insufficient to support the jury's finding that the no-fault threshold was not met. We agree and reverse based on the following briefly stated legal analysis.[1]
First, we conclude that the above issue has been properly preserved for appellate review. Although the plaintiff made no motion for a directed verdict below, he did file a motion for new trial in which he challenged the sufficiency of the evidence to support the jury's verdict. The Florida Supreme Court has held that "the order of a trial judge denying a motion for new trial on the ground that the verdict of *904 the jury is contrary to the manifest weight of the evidence is reviewable in the appellate courts of this state on an appeal from a final judgment, even though no motion for directed verdict was made by the appellant... ." Ruth v. Sorensen, 104 So.2d 10, 15 (Fla. 1958); see Yoder v. Adriatico, 459 So.2d 449 (Fla. 5th DCA 1984). This rule is subject to no announced exceptions in any Florida Supreme Court case, and, therefore, we reject defendants' argument that the plaintiff waived or invited the complained-of error by failing to move for a directed verdict on the no-fault issue, by requesting a no-fault jury instruction, and by agreeing to a special interrogatory jury verdict form on the no-fault issue.[2] None of these actions waived the plaintiff's right to file a motion for new trial on the ground that the verdict was against the manifest weight of the evidence; nor did any of these actions invite the trial court to commit the error complained of in this appeal.
Second, we conclude that the jury verdict which found that the plaintiff had not met the no-fault threshold was against the manifest weight of the evidence. This is so, because on this record, the medical evidence shows, without material contradiction, that the plaintiff sustained the following in the subject automobile accident: (a) a permanent injury within a reasonable degree of medical probability, and (b) significant and permanent scarring. We find it unnecessary to burden this opinion with all the detailed medical evidence which leads us to this conclusion. Suffice it to say, however, that, among other things, the plaintiff suffered permanently broken teeth, a fractured forearm requiring surgery which left three permanent stainless steel screws in his bone, and a four-inch-long, three-eighth-inch-wide surgical scar on his forearm as a result of this surgery; the defendants, on the other hand, offered no contrary medical evidence. Although we do not overlook the defendants' extensive arguments on these and other injuries and scars sustained by the plaintiff, we are not persuaded thereby, and conclude that, on the whole, the jury's no-fault verdict is contrary to the manifest weight of the evidence in this case. See Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959); Martin v. Young, 443 So.2d 293, 294 (Fla. 3d DCA 1983); Duncanson v. Service First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963).
The final judgment under review is reversed, and the cause is remanded to the trial court for a new trial on damages only  including the defendants' seat belt defense and the apportionment of fault between the defendant Thomas R. Magaldi's negligence and the plaintiff's negligence for failure to wear his seat belt.
Reversed and remanded.
NOTES
[1] We have previously filed an opinion in this cause on December 15, 1987, which is this day withdrawn. The defendants' motion for rehearing is granted, in part, so as to add footnote 2 to our original opinion, and to alter the accompanying text to this footnote. This has become necessary because the defendants for the first time on this appeal have brought to our attention our prior decision in Karl v. Ritter, 164 So.2d 23 (Fla. 3d DCA 1964), for which we are most grateful. In all other respects, however, the defendants' motion for rehearing is denied.
[2] To the extent that Karl v. Ritter, 164 So.2d 23 (Fla. 3d DCA 1964), is inconsistent with this result, we recede therefrom as it is contrary to the Florida Supreme Court's decision in Ruth v. Sorenson, 104 So.2d 10, 15 (Fla. 1958). See Hoffman v. Jones, 280 So.2d 431, 433-34 (Fla. 1973). Indeed, we have recently followed the Ruth decision in this district without reference to our contrary decision in Karl. Greenstein v. Seaboard Coast Line R.R., 471 So.2d 1318, 1320-21 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 831 (Fla. 1986). Moreover, we conclude that an en banc review of this issue is unnecessary to accomplish this overruling in view of our unquestioned duty to follow the Ruth decision. See, e.g., Dung Ba Nguyen v. Holyoke Mut. Ins. Co., 436 So.2d 931 (Fla. 3d DCA 1983).