541 So.2d 1285 (1989)
Arthur MOREY, Appellant,
v.
Carl HARPER, Appellee.
No. 88-1506.
District Court of Appeal of Florida, First District.
April 7, 1989.
Rehearing Denied May 4, 1989.
*1286 David R. Lewis and Joshua A. Whitman of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
Carl Scott Schuler of Tygart & Schuler, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Arthur Morey appeals a final judgment for Carl Harper, appellee, and the order denying his motion for new trial in this personal injury action for damages he sustained in an automobile accident. Morey contends on appeal that he presented uncontroverted medical evidence at trial that he sustained a permanent injury as a result of Carl Harper's negligent operation of a motor vehicle and that such evidence entitled him to a directed verdict on the issue of whether he sustained a permanent injury under section 627.737(2), Florida Statutes (1985). Alternatively, he contends that such evidence entitles him to a new trial. We reverse.
The evidence showed that on May 14, 1985, appellant was involved in an automobile accident with appellee. He sued appellee, alleging that appellee's negligent operation of a motor vehicle caused the accident and caused him to sustain a permanent injury within a reasonable degree of medical probability. Appellant testified that the accident immediately caused his right hand, wrist, and lower arm to swell, and caused pain in his right ankle and back. With regard to his prior medical history, appellant testified at trial that he had previously fractured his right wrist in July of 1984, fractured his tailbone in 1980 or 1981, and hurt his back in another automobile accident 10 to 15 years ago.
To prove that the accident resulted in permanent injury, appellant presented the deposition testimony of Drs. Esquivia-Munoz, Flinchbaugh, and Sharf, all of whom are orthopedic surgeons. Dr. Esquivia-Munoz testified that at the time of appellant's initial visit in May of 1985, he complained of pain in his right wrist, in the back of his neck, and between his shoulder blades, and that appellant advised him that he previously had problems with his cervical spine and had been treated for those symptoms. Dr. Esquivia-Munoz's examination revealed that appellant suffered from arthritis and a scoliosis deformity in the cervical spine. He also diagnosed a fractured wrist. He opined that both of the cervical spine conditions are permanent and pre-existed the accident. He testified that he did not know whether the accident aggravated the pre-existing arthritic condition, but that it did not aggravate the pre-existing scoliosis. Dr. Esquivia-Munoz testified that the accident caused appellant to fracture two bones in his right wrist, but he did not render an opinion as to the permanency of the wrist condition.
Dr. Flinchbaugh testified that he first examined appellant in August of 1985, and that appellant's initial complaints were pain in his neck, low back, and right wrist. He *1287 stated that appellant gave him a history of the subject accident, but stated that prior to the accident he had no neck or low back symptomatology. Dr. Flinchbaugh stated that he diagnosed appellant's problems as cervical, thoracic and lumbar strain and sprain, bilateral thoracic outlet syndrome, a healed fracture involving the distal radius in the right wrist, early degenerative joint disease involving the cervical spine, and inflamed tendons across the top of his right wrist. He stated that, based on the history of the accident and the lack of prior neck or low back symptoms, it was his opinion that all of these problems were related to the accident. Dr. Flinchbaugh testified that appellant reached maximum medical improvement on November 13, 1986. He opined that as a result of the accident appellant sustained a permanent injury to his neck and back that constituted a 5% permanent impairment referable to his whole person. He stated that he did not take appellant's wrist into account in reaching this conclusion. Dr. Flinchbaugh opined that appellant had not sustained any permanent injury to his wrist.[1] When asked whether his opinion regarding causation would change if he were told that appellant had neck, back, and wrist problems prior to the accident, Dr. Flinchbaugh testified that he would not be able to opine what percentage of impairment came from what source. He stated that this different history would not change his opinion with regard to the permanency of the injuries.
Dr. Sharf, an orthopedic surgeon, examined appellant in August of 1987 pursuant to a court-ordered independent medical examination. He testified that he diagnosed appellant as suffering from carpal tunnel syndrome in both wrists, which was related to the accident, degenerative joint disease of the thoracic spine, which was aggravated by the accident, and a healed lunate fracture. He opined that appellant suffered a 5% permanent impairment referable to the whole person as a result of the accident. Dr. Sharf testified that appellant did not give him a history of any prior accidents, but did tell him that he had suffered from pain in his neck and back area for a period of years before the accident. Dr. Sharf was not asked whether a history of prior injury to this wrist would cause him to change his opinion regarding the permanency of the injury caused by the subject accident.
At the close of the evidence, appellant moved for a directed verdict in his favor determining that the subject accident had caused him to suffer a permanent injury. The court denied the motion, and this issue was presented to the jury with a special interrogatory which read, "Did the Plaintiff, Arthur Morey, receive a permanent injury, within a reasonable degree of medical probability, other than scarring or disfigurement, as a result of the accident of May 14, 1985?" The jury answered this question in the negative, and the court entered judgment in favor of appellee based on this verdict. The court denied appellant's motion for new trial.
Appellant asserts on appeal that he was entitled to judgment as a matter of law on the issue of whether he met the no-fault threshold because the medical evidence presented at trial showed, without material contradiction, that he sustained a permanent injury as a result of the subject accident. Appellee asserts that the medical evidence of causation and permanency was controverted, thus creating a jury question, in that Dr. Flinchbaugh's finding of permanent impairment was based on an inadequate history and related only to appellant's back and neck, while Dr. Sharf's opinion as to permanency was based on an inadequate history and related only to the right wrist.
*1288 Under section 627.737(2), a plaintiff is precluded from recovering damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation, or use of a motor vehicle unless such injury or disease satisfies one of the listed threshold requirements. Subsection (b), the threshold requirement appellant contends he satisfied, requires "permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." The statute does not, however, define what is meant by "permanent injury" and the jury was not instructed on any standard or criteria for determining whether a particular injury is or is not permanent. Therefore, even though the phrase "permanent injury" is not a word of art in the medical profession, nevertheless the determination of what constitutes a permanent injury must, as a practical matter, be left to physicians trained in that profession. Hence, the language requiring proof of a permanent injury based on a reasonable degree of medical probability has established a requirement that can only be satisfied by expert medical testimony. See Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984); Avis Rent-A-Car System, Inc. v. Stuart, 301 So.2d 29 (Fla. 2d DCA 1974). Because the plaintiff cannot satisfy this requirement without presenting expert medical testimony, when the plaintiff does present such testimony and it remains materially uncontradicted, a jury verdict of no permanent injury will be found to be contrary to the manifest weight of the evidence and require the granting of a new trial. Scarfone v. Magaldi, 522 So.2d 902 (Fla. 3d DCA), rev. denied by 531 So.2d 1353 (Fla. 1988). See also, Short v. Ehrler, 510 So.2d 1110 (Fla. 4th DCA 1987). We note that in one case, Martin v. Young, 443 So.2d 293 (Fla. 3d DCA 1983), the third district affirmed a directed verdict for the plaintiff on the issue of permanency where "there was no conflict in the medical evidence and no other reasonable inferences [could] be drawn from that evidence." 443 So.2d at 294.
Turning to this case, both Drs. Flinchbaugh and Sharf testified that appellant sustained a permanent injury related to the accident. Although Dr. Flinchbaugh opined that the permanent injuries related to the neck and back, and Dr. Sharf felt the injury to the wrist was permanent, Dr. Flinchbaugh's and Dr. Sharf's testimony was not inconsistent for the reasons stated above. (See fn. 1) Even though appellee demonstrated that the medical history on which the doctors based their opinion was in part inaccurate, neither doctor opined that the additional medical history would cause him to change his opinion regarding the permanent nature of the injuries suffered by the plaintiff. Dr. Sharf was not even asked whether such history of prior injury would affect his opinion. Thus, their opinions that plaintiff sustained a permanent injury as a result of the accident were essentially uncontradicted despite some seeming inconsistencies in the testimony. Because the medical testimony of permanency was not based upon an accurate factual predicate, we find the holding in Martin v. Young inapplicable to the facts of this case and conclude that the court did not err in refusing to direct a verdict for appellant on this issue. We do hold, however, that because the medical evidence, although based on an inaccurate predicate, was uncontroverted on this record, the jury's verdict finding no permanent injury was contrary to the manifest weight of the evidence under the authority of Scarfone v. Magaldi. Accordingly, we reverse the judgment and remand this cause for a new trial.
REVERSED and REMANDED.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] Dr. Flinchbaugh based his opinion that appellant had not sustained a permanent injury to his wrist on the healed fracture and the test results from nerve conduction studies performed on appellant's wrist. He testified, however, that although the result of these nerve studies was normal, that result did not eliminate the possibility that appellant did, in fact, have carpal tunnel syndrome. He went on to state that appellant's complaints of tingling and numbness at night, as well as the shaking of his hands, indicate that he might indeed have mild carpal tunnel syndrome.