CAMPBELL, Chief Judge.
Appellants in this appeal present the single question of whether the evidence was legally sufficient to support the jury verdict that specifically found that Mrs. McMillion did not suffer any injury or disease, in whole or in part, resulting in a permanent injury that was caused by the negligence of appellees. The trial court denied a motion for new trial. We affirm.
Mrs. McMillion, age fifty-six, was involved in an automobile accident in Braden-ton on June 18, 1986, when the automobile she was driving was struck from behind by another vehicle while she was stopped at a stop light. Mrs. McMillion remembered no details surrounding the accident. James Whalen, the driver of the other vehicle, an office supply van, testified that both he and Mrs. McMillion were stopped in a line of traffic at a stop light. As the light changed from red to green, both vehicles moved forward, but as Mr. Whalen momentarily diverted his attention, Mrs. McMillion slowed again in the line of traffic. As Mr. Whalen looked up, he saw Mrs. McMillion stopped and he immediately hit his brakes. He testified that the momentum of his van caused his front bumper to “tap” Mrs. McMillion’s back bumper at four to five miles per hour. There was no physical damage to Mrs. McMillion’s car and only a slight dent in the bumper of the van Mr. Whalen was driving. The trial judge entered a directed verdict on the issue of liability against appellees and in favor of appellants. The case was submitted to the jury on the issue of damages alone.
All of the medical witnesses except one were witnesses who were offered in support of Mrs. McMillion’s case. All of the medical experts agreed that the spondylo-listhesis from which Mrs. McMillion suffered predated the automobile accident and was congenital or long-standing. They also generally agreed that the ten percent permanent partial disability for the body as *1377 a whole resulting from the accident would probably have occurred anyway at some point in time because of the preexisting spondylolisthesis.
We affirm the jury verdict and resulting judgment because our reading of the entire testimony at trial convinces us, as it apparently did the jury and the trial judge, that there are reasonable inferences that could be drawn from the evidence which support the finding of the jury. Because we find that those reasonable inferences exist in this case involving an alleged aggravation of a preexisting condition, we are not required to decide, as urged upon us by appellants, whether we concur with the holding of Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA 1989), rev. denied, 551 So.2d 461 (Fla.1989), which establishes the rule that a defendant in a personal injury action must, in order to avoid liability for damages for permanent injury, present medical evidence directly contradictory to the plaintiffs medical evidence of permanent injury based on a reasonable degree of medical probability.
Affirmed.
RYDER and LEHAN, JJ., concur.