PER CURIAM.
In this workers’ compensation case, the claimant, Walter J. Nance, challenges the denial of his claim for temporary partial disability (TPD) benefits. Claimant argues that his claim was denied because the Judge of Compensation Claims (JCC) improperly rejected medical testimony that related his shoulder condition to an industrial accident. We agree that the testimony should not have been rejected, and we reverse the denial of benefits.
Claimant injured his shoulder in an August 1987 industrial accident. In the course of examining the claimant, Dr. Tax-dal, a neurosurgeon, discovered a congenital neck condition. According to Dr. Tax-dal, it was this congenital condition, possibly aggravated during employment, that was the cause of claimant’s difficulties. Restrictions were placed on lifting and bending. Claimant was later referred to Dr. Spalding, a rheumatologist, who diagnosed a post-traumatic inflammatory process in claimant’s shoulder. Dr. Spalding related claimant’s shoulder problems to the August 1987 industrial accident, and opined that claimant’s neck abnormality was a separate condition. Dr. Spalding also placed restrictions on lifting.
In his order denying benefits, the JCC found that the restrictions imposed by Dr. Taxdal were due to claimant’s congenital neck condition and did not relate to an industrial accident. Dr. Spalding’s testimony to the contrary was rejected because it appeared that Dr. Spalding was misinformed as to a detail of claimant’s employment history.
We have held that a physician’s medical opinion cannot be rejected on the basis of an inaccurate history unless the physician is questioned regarding the effect of the inaccuracy on his previously expressed opinion. Faucher v. R.C.F. Developers, 569 So.2d 794 (Fla. 1st DCA 1990). As no inquiry was made of Dr. Spalding concerning the effect of the inaccuracy, we conclude that it was error for the JCC to reject the testimony. We therefore reverse the denial of TPD benefits and remand the case for consideration of Dr. Spalding’s testimony.
ERVIN, ZEHMER and MINER, JJ., concur.