588 So.2d 267 (1991)
James RHODES, Jr., and Elouise Rhodes, Husband and Wife, Appellants,
v.
Donna EASKOLD, Appellee.
No. 90-3840.
District Court of Appeal of Florida, First District.
October 10, 1991.
Rehearing Denied November 27, 1991.
Thomas E. Wheeler, Jr., of Bell, Schuster & Wheeler, P.A., Pensacola, for appellants.
Robert P. Gaines, of Beggs & Lane, Pensacola, for appellee.
SHIVERS, Judge.
Appellants, plaintiffs below, appeal the trial court's denial of their motion for new trial. We reverse, and remand for a new trial.
The record indicates that appellants, James and Elouise Rhodes, were involved in an auto accident with appellee, Donna Easkold, in July 1988. The Rhodeses filed a negligence action against Easkold, seeking damages connected with Elouise Rhodes' injuries. Easkold denied liability, and a jury trial was conducted in 1990.
The depositions of three physicians were presented at the trial. Dr. Flynn, an orthopedic surgeon, first saw Rhodes in August 1988, at which time she was complaining of pain in her neck, back, and left knee, stemming from the auto accident. A CT scan and arthrogram revealed a herniated disc, nerve impairment in the neck and lower back, arthritic changes in the kneecap, and both torn cartilage and a small chip inside the left knee joint. In February 1989, Flynn performed surgery on the kneecap and, during surgery, discovered a fracture. It was Flynn's opinion that the fracture was caused by trauma, "and from the history she [Rhodes] gave me, the only trauma that she knew of or at least she related to me was the auto accident." It was also Flynn's opinion that Rhodes had sustained permanent injuries to her left knee, back, and neck, in the auto accident. He admitted on cross-examination that he had no way of knowing what percentage of Rhodes' impairment had existed before the 1988 auto accident except "what she told me."
Dr. VerVoort performed an IME on Rhodes in November 1989. It was his opinion, after examining her medical records and taking a history from Rhodes, that she had sustained a permanent injury to her neck, low back, and left knee as a result of the July 1988 auto accident. In giving her history to Dr. VerVoort, Rhodes had denied any history of neck or back pain prior to the July 1988 accident. Dr. VerVoort admitted that he was relying upon Rhodes' *268 statements to him to determine that there was some aggravation of her knee from the accident.
In addition, the record contained the deposition of Dr. Jankauskas, who had been Rhodes' regular physician since 1981. Jankauskas' review of medical charts revealed that Rhodes had been examined both at his office and at the county clinic, on several occasions between 1975 and 1986, for various conditions, including numbness in her left leg and toes, pain in her back, numbness and pain on the left side of her head and neck, left leg pain, and pain in the ears and back. Neither Dr. Flynn nor Dr. VerVoort had had access to these medical records at the time of their depositions.
During cross-examination of plaintiff at trial, it was elicited that she had stated in an April 1990 deposition that she had never had any kind of trouble with her back or knees before the 1988 accident, had had no other injuries before the accident that required treatment from a doctor, and had not complained to Dr. Jankauskas about pain in her neck, back, or knees before the accident. In a second deposition in June of 1990, the plaintiff admitted that she had left her job in the maintenance department at Sacred Heart Hospital after she was hit in the leg with a buffer, causing her to fall down. She also admitted that she had "probably had a little backache or headache" at times before the 1988 accident.
After considering the evidence presented, the jury found Easkold to have been negligent, and awarded the Rhodeses a total of $37,000 for past and future medical expenses and loss of earning ability. No damages were awarded on the plaintiff's claims for pain and suffering or loss of consortium, however, and the jury specifically found that plaintiff had not sustained a permanent injury. Plaintiff's motion for new trial, in which she argued that the uncontradicted medical evidence indicated that she had sustained permanent injuries as a result of the auto accident, was denied.
We reverse the trial court's denial of the motion for new trial, on the basis of this court's holding in Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied 551 So.2d 461 (Fla. 1989). In Morey, this court held that a finding of permanent injury could only be satisfied by expert medical testimony, and stated:
Because the plaintiff cannot satisfy this requirement without presenting expert medical testimony, when the plaintiff does present such testimony and it remains materially uncontradicted, a jury verdict of no permanent injury will be found to be contrary to the manifest weight of the evidence and require the granting of a new trial... . Even though appellee demonstrated that the medical history on which the doctors based their opinion was in part inaccurate, neither doctor opined that the additional medical history would cause him to change his opinion regarding the permanent nature of the injuries suffered by the plaintiff. Doctor Sharf was not even asked whether such history of prior injury would affect his opinion. Thus, their opinions that plaintiff sustained a permanent injury as a result of the accident were essentially uncontradicted despite some seeming inconsistencies in the testimony.
541 So.2d at 1288 (emphasis supplied). Because the medical testimony of permanency introduced at the trial in Morey was not based on an accurate factual predicate, the court found that the trial court had not erred in denying the plaintiff's motion for directed verdict. The court reversed and remanded for new trial, however, stating that "because the medical evidence, although based on an inaccurate predicate, was uncontroverted on this record, the jury's verdict finding no permanent injury was contrary to the manifest weight of the evidence under the authority of Scarfone v. Magaldi [522 So.2d 902 (Fla. 3d DCA), review denied by 531 So.2d 1353 (Fla. 1988)]" (finding that the jury's verdict of no permanent injury was against the manifest weight of the evidence, and reversing and remanding for new trial, where the plaintiff presented medical evidence of permanent injuries sustained as the result of the subject automobile accident, and the defendants offered no contrary medical evidence). 541 So.2d at 1288. Morey has *269 been cited with approval in Faucher v. R.C.F. Developers, 569 So.2d 794 (Fla. 1st DCA 1990), a workers' compensation case in which this court held:
It is now well settled that a doctor's medical opinion cannot be disregarded by the judge of compensation claims because the judge finds that the history given such doctor by the claimant was either false or incomplete, unless appropriate questions are put to the doctor specifically inquiring about the effect of the false or omitted information on the doctor's previously expressed opinion.

569 So.2d at 801 (e.s., citations omitted)
As in Morey, the plaintiff in the instant case presented expert medical testimony that she had sustained permanent injuries as a result of her 1988 auto accident, defendant presented no medical evidence to the contrary, and neither Dr. Flynn nor Dr. VerVoort testified that additional medical history would have changed their opinions. Further, as in Faucher, supra, the defendant in the instant case failed to specifically ask Drs. VerVoort and Flynn at their depositions whether their opinions would have been different had they known Mrs. Rhodes' complete medical history. Because the medical evidence of permanency was therefore uncontroverted, the jury's verdict of no permanent injury was contrary to the manifest weight of the evidence, and appellant's motion for new trial should have been granted.
REVERSED and REMANDED for new trial.
CAWTHON, S.J., concurs.
WOLF, J., dissents, with opinion.
WOLF, Judge, dissenting.
I would affirm. The cases of Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA 1989), rev. denied, 551 So.2d 461 (Fla. 1989), and Faucher v. R.C.F. Developers, 569 So.2d 794 (Fla. 1st DCA 1990), should be revisited.
The weight and credibility to be given to an expert's testimony is a matter for the finder of fact. Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2nd DCA 1977). The trier of fact was justified in determining that the opinion testimony was flawed by reason of the materially untruthful history given them by the claimant. See Faucher, supra (Nimmons, J., dissenting).
Dr. Flynn and Dr. VerVoort both admitted that they relied on the history given to them by the plaintiff in making their determination concerning that Rhodes had sustained permanent injuries as a result of the auto accident. The defense presented evidence that the history given by the plaintiff was materially inaccurate. It was within the province of the trier of fact to determine whether, under the circumstances, the opinion testimony of the doctors should be accepted or rejected. I find no error in the jurors rejecting the opinion of the doctors on the evidence presented.