ZEHMER, Judge.
William Finney appeals a final order denying his claim for workers’ compensation disability benefits, medical benefits, inter *1360 est, costs, and attorney’s fees. We reverse and remand for further proceedings because the appealed order improperly rejected the testimony of two doctors whose evidence could otherwise establish the requisite causal relationship between claimant’s medical condition and the industrial accident he had suffered the year before.
On March 3, 1989, while working as an electrical technician trainee for his employer, Agrico Chemical Company, the 32-year-old claimant was injured when he slipped, fell on his back, and struck his head on the floor. While claimant immediately reported the fall to his supervisor and signed an accident report, he did not seek immediate medical attention for the fall because he did not want to “make waves.” Claimant continued to work for the employer that day and thereafter, even though he had some pain in his low back. Claimant had experienced pain with his low back on two occasions prior to the March 3, 1989, industrial accident. In January 1984, when claimant straightened up after bending over to tighten bolts on a machine, he felt a sharp pain in his low back, for which he received treatment by Dr. Caswell. In November 1984, after cleaning out a hopper with a bar, claimant again felt a pain in his low back. Claimant did not complain of further back difficulty from that episode until the subject accident.
After the March 3, 1989, industrial accident, claimant experienced back pain on two occasions. The first occurred on April 8, 1990, while he was throwing pieces of rocks and concrete in a pit. Claimant felt a sharp pain in his back and was treated by Dr. Lucido for back pain. He described this pain as different from that sustained when he fell at work. On May 10, 1990, while bending down to tie his shoes at home, claimant suffered a severe onset of low back pain, for which he received treatment from Dr. Eissman, Dr. Traviesa, and Dr. Mozingo.
In June 1990, claimant filed a claim for workers’ compensation benefits arising out of his March 3, 1989, accident at Agrico, claiming benefits based on the current condition of his back. In support of this claim, he presented medical evidence from Drs. Eissmann and Mozingo[1] that, if accepted, was facially sufficient to establish a causal relationship between his current back condition and the March 1989 accident. The judge denied the claim, however, finding no causal relationship to the accident because he rejected the medical evidence of Drs. Eissman and Mozingo. The order recited:
The medical records of these physicians, and the testimony of Dr. Mozingo, establish that Claimant gave each physician a history of a fall injury at work on 3/3/89, with continuous back pain after that date, which condition was exacerbated by the bending or stooping motion to tie his shoes on May 10, 1990. I find that each physician relied on the accuracy of Claimant’s statements and history regarding the fall injury of 3/3/89 and his continuous back pain thereafter in attempting to determine the cause of his acute back pain on and after May 10, 1990, and any relationship to the incident of 3/3/89. However, I find that both Dr. Eissman and Dr. Mozingo assumed an inaccurate history of continuous back pain after the fall incident of 3/3/89 in concluding that the Claimant’s back pain of 5/10/90 is related to the incident of 3/3/89. Rather, I find that the Claimant has given inconsistent statements and histories to Dr. Pineiro and Lucido prior to 5/10/90, which contradict his statements and history given to both Dr. Eiss-man and Dr. Mozingo after 5/10/90. Therefore, I disregard the opinions of Dr. Eissman and Dr. Mozingo as they purport to relate the Claimant’s back condition diagnosed after 5/10/90 to the industrial accident of 3/3/89. I base these findings on the testimony of Dr. Mozingo, and the medical records of the Claimant admitted into evidence.
We find error in this ruling because the record indicates that the history given by *1361 claimant to Dr. Mozingo was not necessarily inaccurate, and further, that neither Dr. Mozingo nor Dr. Eissman was asked any specific questions, and thus never expressed any medical opinion, as to what effect, if any, an omission or change in the claimant’s medical history from that previously related by claimant would have on the doctor’s previously expressed opinion relating claimant’s current back condition to the March 1989 accident. Dr. Mozingo’s medical record and deposition testimony indicates that claimant stated his current back problems started with the March 3, 1989, industrial accident. He had reported the accident to his employer, and the employer’s nurse told claimant his back problem might be due to calcium deposits. When claimant’s back pain continued, he sought treatment on his own from Dr. Eiss-man and Dr. Lucido. Claimant also told Dr. Mozingo that his back “went out” at work five years prior to the March 3, 1989, industrial accident for which he received treatment from Dr. Miller for one to two weeks before the condition “cleared.”
During cross-examination of Dr. Mozingo at his deposition, counsel for employer and carrier asked whether the doctor’s opinion would change “if the history is any different than that stated by the claimant,” and claimant’s attorney objected on grounds that the question was vague and called for a conclusion based on facts not in evidence or which may not be in evidence. Doctor Mozingo nevertheless responded to the question, stating, “if there is additional information, I would like to have the advantage of seeing that information to determine the effect it may have on my opinion.” Employer and carrier’s counsel inquired further if the doctor’s opinion was based only on the medical history as given to the doctor by claimant, but she never asked a specific question to establish what effect, if any, specific information thought by employer and carrier to be false, incomplete, or omitted and was different from that supplied by claimant, would have on the doctor’s opinion as to causation. Dr. Eissman did not testify by deposition, and while his letter to claimant’s attorney indicates he rendered his opinion “assuming it is true that he [claimant] has not sustained other injuries away from his work place,” the record contains no evidence as to what effect specific information claimant allegedly omitted or falsified about his medical history would have on the doctor’s opinion as to the cause of claimant’s back condition.
There was no evidence adduced at the hearing to controvert the opinions of Drs. Eissman and Mozingo on medical causation based on the history given to them. The rule of law applicable in this circumstance is clear:
It is now well settled that a doctor’s medical opinion cannot be disregarded by the judge of compensation claims because the judge finds that the history given such doctor by the claimant was either false or incomplete, unless appropriate questions are put to the doctor specifically inquiring about the effect of the false or omitted information on the doctor’s previously expressed opinion.
Faucher v. R.C.F. Developers, 569 So.2d 794, 801 (Fla. 1st DCA 1990) (citations omitted); accord Nance v. School Board of Polk County, 582 So.2d 134 (Fla. 1st DCA 1991). See also Rhodes v. Easkold, 588 So.2d 267 (Fla. 1st DCA 1991); Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), rev. denied, 551 So.2d 461 (Fla.1989). Similarly, because Drs. Eissman and Mozingo were never questioned about the effect that specific omitted or false medical history would have on their opinion regarding medical causation, it was reversible error to reject that evidence.
Inasmuch as the rejected medical evidence, if accepted, is legally sufficient to establish claimant’s claim, we reverse the appealed order and remand for for the judge of compensation claims to reconsider the evidence in light of this opinion. See Nance, 582 So.2d 134.
REVERSED AND REMANDED.
BARFIELD, J., concurs.
' ALLEN, J., specially concurs.

.. Dr. Eissman’s evidence was presented in the form of medical records without testimony. Dr. Mozingo's evidence was presented by deposition at which counsel for the employer and carrier conducted cross-examination.