HALL, Acting Chief Judge.
The appellant, Millie Weygant, challenges a final judgment entered in favor of the appellees, Fort Myers Lincoln Mercury, Inc., d/b/a Fort Myers AMC Jeep, Renault, and Chester Meredith, in this personal injury action. Weygant contends the jury improperly found that the negligence of the appellees was not the legal cause of Wey-gant’s injuries — despite uncontradicted expert medical testimony to the contrary. Weygant thus asks this court to follow the First District’s holding in Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA 1989), and find that a jury verdict must be consistent with any uncontradicted evidence presented by a medical expert. We, however, cannot so find and hereby certify conflict with Morey to the extent that it evinces such a holding.
In Morey, all of the medical experts who testified in the case agreed, within a reasonable degree of medical probability, that the appellant sustained permanent injury as a result of the auto accident which was the subject of that litigation. The jury, however, determined that the appellant failed to prove that he was permanently injured as a result of the subject accident. The trial court thus entered a final judgment against the appellant based on that verdict. On appeal, the First District reversed the judgment finding that “because the medical evidence, although based on an inaccurate predicate, was uncontroverted on this record, the jury’s verdict finding no permanent injury was contrary to the manifest weight of the evidence_” Id. at 1288.
In the case at bar, all of the expert medical witnesses testified that Weygant suffered some degree of permanent injury as a result of the automobile accident at issue. There was, however, other conflicting testimony, including Weygant’s own testimony, indicating that Weygant’s injuries were not permanent in nature and that they were not caused by the instant auto accident.
Morey may be distinguishable from the instant case in that from the facts set forth in the Morey opinion, there does not appear to have been any other conflicting testimony — medical or otherwise — refuting the opinions of the medical experts who testified in the case. In the case at bar, there was indeed conflicting evidence from which the jury could have found that Weygant’s injuries were not the result of the appel-lees’ negligence — regardless of the medical testimony in the case. On the other hand, Morey is analogous to the instant case insofar as the medical testimony therein was based on an inaccurate predicate.
“It is ordinarily the function of the jury to weigh and evaluate evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence.” Conda v. Plain, 222 So.2d 417 (Fla.1969), and cases cited therein. See also Perry v. Red Wing Shoe Company, 597 So.2d 821 (Fla. 3d DCA 1992). Thus, the weight to be given conflicting evidence is a question for the jury. Conda v. Plain; Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977). A verdict is against the manifest weight of the evidence, however, where the evidence is clear, obvious, and indisputable that an opposite result should have obtained. McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988), and cases cited therein.
It cannot reasonably be argued that the evidence in the instant case is clear, obvious, and indisputable that Weygant suffered permanent injury as a result of the accident at issue. That is particularly true in view of evidence that Weygant suffered injuries similar to those complained of here as a result of other incidents occurring both before and after the instant accident. Thus, to the extent Morey holds that a jury verdict must be consistent with medical testimony which is uncontroverted by other medical testimony, despite the fact that that testimony was based on an inaccurate predicate and was indeed controverted by other evidence, we disagree and hereby *716 certify conflict therewith. Such a rule of law invades the province of the jury to properly weigh evidence and determine the credibility of witnesses.
Accordingly, we affirm the instant case on all points raised herein and certify conflict with Morey.
THREADGILL and BLUE, JJ., concur.