611 So.2d 69 (1992)
Diane JARRELL, Appellant/Cross-Appellee,
v.
Cindy T. CHURM f/k/a Cindy T. Taylor and Richard Churm, Appellees/Cross Appellants.
No. 91-1513.
District Court of Appeal of Florida, Fourth District.
December 30, 1992.
*70 Eric H. Luckman of Liggio & Luckman, and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant/cross appellee.
James T. Ferrara of Parker, Johnson, Anderson, McGuire & Michaud, P.A., Boca Raton, for appellees/cross appellants.
HERSEY, Judge.
From a defense verdict on the issue of whether there was a permanent injury, appellant, Diane Jarrell, seeks reversal and remand for a directed verdict or new trial.
As a result of an automobile accident, Jarrell suffered neck and lower back injury. Her position that these injuries were permanent was supported by expert testimony. The treating physician testified to an eight percent to ten percent impairment to the body as a whole as a result of cervical symptoms and a five percent to eight percent impairment to the body as a whole with regard to the lumbar spine.
He further testified that the presence of muscle spasms in the back of the neck were equivalent to objective findings as opposed to a diagnosis based solely upon a patient's subjective complaints. Muscle spasm symptomatology was confirmed by the testimony of a physical therapist. It was the physician's opinion that Jarrell's medical history, which included a pulled muscle and developmental degenerative disc disease, predisposed her to react to trauma with symptoms of an injury of the type complained of here.
The defense offered no expert testimony. The major factors which appellee relies upon as evidence of lack of permanency (or credibility) are: the relationship between counsel and the treating physician; the medical history showing a preexisting condition; a videotape showing appellant turning her head to look to the rear in her automobile and carrying furniture from the house to the garage.
The real issue is whether the plaintiff was entitled to a directed verdict on permanency. On this record we hold that she was, and reverse.
A directed verdict is appropriate only where there is no evidence or there are no inferences which may be drawn from the evidence to support the position of the party moved against. Hendricks v. Dailey, 208 So.2d 101, 103 (Fla. 1968); Marcano v. Puhalovich, 362 So.2d 439, 441 (Fla. 4th DCA), dismissed, 365 So.2d 714 (Fla. 1978).
Additionally, the issue of permanency of an injury is ordinarily one to be decided by the jury. See, e.g., Colvin v. Williams, 564 So.2d 1249, 1250 (Fla. 4th DCA 1990); Allstate Ins. Co. v. Edenfield, 543 So.2d 874 (Fla. 4th DCA 1989); Laberge v. Vancleave, 534 So.2d 1176, 1177 (Fla. 5th DCA 1988), rev. denied, 545 So.2d 1369 (Fla. 1989); Tripp v. Killam, 492 So.2d 472 (Fla. 4th DCA 1986); Martin v. Young, 443 So.2d 293, 294 (Fla. 3d DCA 1983). However, the status of permanency is a medical diagnosis. Its existence, vel non, must initially be established by expert medical testimony in order to present a prima facie case. See Morey v. Harper, 541 So.2d 1285, 1288 (Fla. 1st DCA), rev. denied, 551 So.2d 461 (Fla. 1989). When the proponent of permanency supports that hypothesis with expert testimony, the opponent of permanency, in order to carry the issue to the jury, must either: (1) present countervailing expert testimony; (2) severely impeach the proponent's expert; or (3) present other evidence which creates a direct conflict with the proponent's evidence. Such is not the case here.
The medical expert testified as to the permanency of the injury. The defense evidence consisted of the plaintiff's previous medical history and a surveillance tape showing her ability to turn her head and to carry items of household furniture. As to the former, plaintiff's expert was familiar with the medical history and obviously factored that into his diagnosis of permanency. *71 As to the latter, it is entirely possible that the activities performed by plaintiff as demonstrated by the videotape were consistent with the expert's diagnosis. It was incumbent upon the defense either to present its own expert testimony that the video tape illustrated a malingering plaintiff, or, at the very least, to inquire of plaintiff's expert whether the activities engaged in by plaintiff had any substantial impact on his professional opinion that plaintiff had suffered a permanent injury. For example, if the medical expert's opinion of permanency of the neck injury had been based upon evidence that the plaintiff could not rotate her neck more than ninety degrees to the right, then the videotape showing casual movement and rotation considerably in excess of ninety degrees might be enough to take the issue to the jury.
The foregoing implies, and therefore we explicitly recite, that, based solely upon consideration of evidence which does not clearly and directly contradict an expert opinion or the facts upon which that opinion is predicated, a jury of lay persons cannot be credited with having the technical expertise to totally disregard an expert medical opinion. There were no such direct conflicts in the record of these proceedings.
The defense could have presented its own expert testimony, or it could have cross-examined plaintiff's expert to demonstrate to the jury that the activities engaged in by plaintiff were inconsistent with a diagnosis of permanent injury. The defense having failed to do so, the jury was not free to make its own diagnosis. We therefore reverse and remand with directions to enter a directed verdict for plaintiff on the issue of permanency and for a trial on damages.
The remaining issues on appeal are rendered moot by our opinion.
REVERSED AND REMANDED.
WARNER, J., and WALDEN, JAMES H., Senior Judge, concur.