624 So.2d 824 (1993)
Donna HOLMES, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 92-03710.
District Court of Appeal of Florida, Second District.
September 29, 1993.
*825 Lawrence J. Robinson, Sarasota, for appellant.
Roger T. Minor of Fuller & Minor, P.A., Fort Myers, for appellee.
RYDER, Acting Chief Judge.
Donna Holmes challenges the trial court's final judgment in this personal injury action brought pursuant to section 627.737(2), Florida Statutes (1991). The final judgment was entered pursuant to the jury's verdict that State Farm's insured's negligence caused Ms. Holmes' injury, but that she did not sustain a permanent injury. We agree with her contention that the trial court erred in denying her motion for a directed verdict on permanency, and, therefore, we reverse.
Ms. Holmes was injured when she was struck from behind by a truck. She presented expert testimony at trial that she had suffered permanent injuries to her back and temporomandibular joint (TMJ). There was conflicting testimony concerning the permanency of the back injury. At the close of the evidence and again after the verdict's return, she moved for a directed verdict on the ground that the only expert medical evidence as to the TMJ injury was that it was permanent. The sole issue raised on appeal is the correctness of the trial court's denial of the motion for directed verdict as to the TMJ injury.
Ms. Holmes' expert witnesses opined that, based on a reasonable degree of medical probability, the accident caused her TMJ injury and that the injury was permanent. State Farm presented no expert witnesses concerning the permanency of the TMJ injury. During cross-examination of Dr. Chuong, one of plaintiff's expert witnesses, State Farm elicited testimony that Ms. Holmes suffered from severe preexisting dental problems. After her dental problems were cleared up, she still had TMJ problems. Also, he generally discussed causes of TMJ injury other than trauma, including dental problems. Photographic exhibits introduced by State Farm showed that the collision was not severe, according to Ms. Holmes' attorney.
"When the proponent of permanency supports that hypothesis with expert testimony, the opponent of permanency, in order to carry the issue to the jury, must either: (1) present countervailing expert testimony; (2) severely impeach the proponent's expert; or (3) present other evidence which creates a direct conflict with the proponent's evidence." Jarrell v. Churm, 611 So.2d 69, 70 (Fla. 4th DCA 1992). State Farm has not satisfied this test.
State Farm, citing Weygant v. Fort Myers Lincoln Mercury, Inc., 609 So.2d 714 (Fla.2d DCA 1992), argues that there was conflicting evidence from which the jury could have found that the injuries were not the result of the insured's negligence regardless of the medical testimony in the case. The testimony in Weygant, however, included plaintiff's own testimony indicating that her injuries were not permanent in nature and that they were not caused by the auto accident. There was evidence that Weygant had suffered similar injuries as a result of other incidents occurring both before and after the accident in question.
State Farm also cited Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993), which held that the jury was free to determine the experts' credibility and to decide the weight of that testimony in the face of conflicting lay evidence. There, the conflicting lay evidence consisted of plaintiff's own contradictory depositions *826 from which the jury could have concluded that she did not accurately report her medical history to the medical experts.
We distinguish the facts of the Weygant and Easkold decisions where the conflicting evidence directly addressed the question of permanency, causation and the plaintiff's credibility from the instant case. State Farm's assertion that conflicts in the evidence support an affirmance is based upon conflicts both minor and indirect. Moreover, State Farm elaborated on the nature of the "conflicting" testimony. None of the plaintiff's expert witnesses was severely impeached. Confronted with this lack of evidence to support the requirements of the Jarrell decision, we must reverse.
We therefore reverse and remand with directions to enter a directed verdict for plaintiff on the issue of permanency and for a trial on damages.
Reversed and remanded.
HALL and PATTERSON, JJ., concur.