640 So.2d 1092 (1994)
Millie WEYGANT, Petitioner,
v.
FORT MYERS LINCOLN MERCURY, INC., d/b/a Fort Myers AMC Jeep Renault and Chester Meredith, Respondents.
No. 81008.
Supreme Court of Florida.
June 2, 1994.
Rehearing Denied August 15, 1994.
*1093 Mark A. Neumaier, Tampa, for petitioner.
Patricia D. Prouty of Price, Price, Prouty & Whitaker, Chartered, Bradenton, for respondents.
SHAW, Justice.
We have for review Weygant v. Ft. Myers Lincoln Mercury, Inc., 609 So.2d 714 (Fla. 2d DCA 1992). This case is before us based on direct conflict with Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision below and disapprove Morey as being in direct conflict with Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993).
On April 30, 1986, petitioner, Millie Weygant, was a passenger in an automobile that was rear-ended by respondent. Weygant and her medical experts  two neurologists, two psychiatrists, and a neurosurgeon  testified at trial that as a result of respondent's negligence Weygant suffered permanent back, neck, and psychological injuries and/or permanent aggravation of a previous injury.[1] Conflicting lay testimony included Weygant's 1987 workers' compensation testimony in which she stated that the injuries suffered in the car accident were not incapacitating and a workers' compensation deposition in which she stated that she only suffered from pain attributable to the 1980 fall. In addition to the conflicting testimony, there was evidence that Weygant had given confusing medical histories to her medical experts thus raising the possibility that their opinions were based on inaccurate predicates.
In a special verdict,[2] the jury held that respondent was not the legal cause of Weygant's injuries. Weygant appealed to the Second District Court of Appeal and argued that under Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989), she is entitled to a new trial because the jury's finding is contrary to uncontroverted expert medical testimony. The district court affirmed the special verdict and held that in light of the conflicting lay testimony, the jury's verdict was not against the manifest weight of the evidence. The district court opinion also stated:
Thus, to the extent Morey holds that a jury verdict must be consistent with medical testimony which is uncontroverted by other medical testimony, despite the fact that that testimony was based on an inaccurate predicate and was indeed controverted by other evidence, we disagree and hereby certify conflict therewith. Such a rule of law invades the province of the jury to properly weigh evidence and determine the credibility of witnesses.
Weygant, 609 So.2d at 715-16.
Weygant asks this Court to reverse the district court's decision, approve Morey, and *1094 grant a new trial.[3] In addressing these issues, we analyze our holding in Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993), which holds that even though the facts testified to by the medical expert are not within the ordinary experience of the members of the jury, the jury is still free to determine their credibility and to decide the weight to be ascribed to them in the face of conflicting lay testimony. Under Easkold, when jurors are faced with lay testimony which is in conflict with expert medical testimony, it is within their province to reject the expert testimony and base their verdict solely on the lay testimony.
Morey rejects the Easkold rationale and holds that a jury cannot reject uncontroverted expert medical testimony, even if that testimony is based on an inaccurate predicate. 541 So.2d at 1288. Under Morey, a verdict contrary to the medical testimony is invariably contrary to the weight of the evidence in the absence of material contradicting medical testimony.
We reaffirm our holding in Easkold that a jury may reject expert medical testimony when there exists relevant conflicting lay testimony and disapprove Morey as being in direct conflict therewith. In the instant case, the jury was within its province to reject the medical testimony and base its verdict on lay testimony. We approve the decision of the district court.
It is so ordered.
GRIMES, C.J., OVERTON, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] The previous injury occurred in 1980 when Weygant fell from a ladder at work.
[2] The special verdict question read as follows:

[W]as the negligence of defendant, Chester Meredith, a legal cause of damage to the plaintiff? There are two choices, yes, no.
If your answer to question one is no, your verdict on the claim of the plaintiff is for defendants and you should not proceed further... .
[3] Weygant also argues that collateral source evidence was improperly admitted. This issue was not the basis for our jurisdiction, nor was it discussed in the district court's opinion; we therefore decline to address it now.