STONE, Chief Judge.
We reverse an order granting Plaintiff a new trial in this personal injury action. The court erred in concluding that a new trial was mandated by our opinion in Jarrell v. Churm, 611 So.2d 69 (Fla. 4th DCA 1992). The jury verdict provided that the defendant was 75% negligent, but that Plaintiff had not sustained a permanent injury. The jury awarded damages for past medical expenses but nothing for future expenses.
Plaintiff was treated by a chiropractor for soft tissue injury, primarily involving her neck, arising out of an automobile accident. She was also seen by a neurologist, and received cortisone injections and physical therapy. Both of Plaintiff’s doctors testified at trial. The neurologist testified, on cross-examination, that Plaintiff did not tell him that she had neck pain before the accident. She was also treated by a third physician for temporomandibular joint disorder (TMJ).
Plaintiff had also been treated by another neurologist, who was called by the defense and testified that Plaintiff’s MRI was normal, her CT scan was normal, that he found nothing neurologieally abnormal, and that she sustained no permanent neurological injury as a result of this accident. The defense also produced an expert orthodontist who testified that the type of trauma sustained in this accident could not cause TMJ, that the tests showed that Plaintiff’s TM joint had never been displaced, and that he did not believe that she had sustained a permanent injury.
Plaintiff’s motion for new trial was primarily based on the argument that the chiropractor’s testimony as to permanency was not refuted by another chiropractor. The trial court interpreted our Jarrell opinion as prohibiting the jury from rejecting Plaintiff’s *601 chiropractor’s testimony as to permanency. Appellant asserts that the supreme court, in Easkold v. Rhodes, 614 So.2d 495 (Fla.1993), overruled Jarrell.
In Jarrell, the plaintiff presented testimony that neck and back injuries were permanent. The defense offered no expert testimony in rebuttal, but argued that there was a pre-existing condition, and offered a video tape of the plaintiff carrying furniture. The jury returned a defense verdict. The plaintiff argued on appeal that she was entitled to a directed verdict on the issue of permanency because her doctor’s testimony as to permanency was uneontradicted. We reversed and ruled that she was entitled to a directed verdict because the defense did not offer an expert to contradict the plaintiff’s doctor or to contradict the facts upon which the medical expert’s opinion was based.
Here, however, unlike the circumstances in Jarrell, the defense did offer expert testimony to show that Plaintiff was not permanently injured. Here, Plaintiff’s expert chiropractor was contradicted by the defendant’s expert neurosurgeon, who gave his opinion that Rogers sustained no permanent neurological injury as a result of the accident.
In Easkold, the plaintiff presented testimony that she had sustained permanent injuries as a result of an accident. The defense did not offer any testimony that the injury was not permanent; rather, the defense argued that the plaintiff had deceived her own experts by not giving them a truthful medical history. The jury awarded damages for past and future medicals, but nothing for pain and suffering and found that the plaintiff had not sustained a permanent injury. The First District reversed an order denying a new trial because the evidence of permanency was uneontroverted. The supreme court quashed that decision and held that the jury could reject the expert testimony that the plaintiff’s injuries were permanent in view of the evidence that the plaintiff had not accurately reported her medical history to the testifying doctors.
This court has subsequently recognized that the Jarrell opinion is not inconsistent with Easkold. In Allstate Insurance Co. v. Thomas, 637 So.2d 1008 (Fla. 4th DCA 1994), we concluded that the supreme court, in Eas-kold, recognized that a jury may reject expert testimony. In Easkold, there was evidence from which the jury could conclude that the plaintiff did not accurately report her medical history to her doctor. But in Jarrell, there was no false history or other impeachment, and the proof of permanent injury was uncontradicted.
Here, Plaintiff was not entitled to a directed verdict on permanency because the defense presented experts who contradicted Plaintiff’s experts and supported the defense’s position that there was no permanent injury. See Marcano v. Puhalovich, 362 So.2d 439 (Fla. 4th DCA 1978). Here, unlike Jarrell, there is impeaching testimony as to permanency. Appellant is not required to show that it has rebutted everything; it is sufficient that there is contradicting rebuttal or impeachment as to permanent injury.
Therefore, we reverse and remand for entry of a judgment in accordance with the jury verdict.
GUNTHER and FARMER, JJ., concur.