762 So.2d 532 (2000)
Jane ROSE and Mark Rose, Appellants,
v.
Jennifer DWIN, a minor and Guilherme Dwin, her father, and State Farm Mutual Automobile Insurance Company, Appellees.
No. 4D98-4251.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
Rehearing Denied July 12, 2000.
Gary M. Farmer, Jr. of Gillsepie, Goldman & Kronengold, P.A., Ft. Lauderdale, for appellants.
*533 Caryn Bellus-Lewis of Kubicki Draper, Miami, for appellees.
KLEIN, J.
This is an accident case tried on damages only in which the jury found no permanent injury. Plaintiff argues that the verdict is inadequate and that the trial court erred in not directing a verdict on the issue of permanent injury. We reverse on the issue of permanency.
Appellant saw a dentist shortly following her accident, and he diagnosed a TMJ injury. He treated plaintiff for the injury and testified that her injury resulted from the accident and was permanent. There was no evidence to refute the testimony by plaintiff's dentist.
In Jarrell v. Churm, 611 So.2d 69, 70 (Fla. 4th DCA 1992), this court stated:
When the proponent of permanency supports that hypothesis with expert testimony, the opponent of permanency, in order to carry the issue to the jury, must either: (1) present countervailing expert testimony; (2) severely impeach the proponent's expert; or (3) present other evidence which creates a direct conflict with the proponent's evidence.
See also Holmes v. State Farm Mut. Auto. Ins. Co., 624 So.2d 824 (Fla. 2d DCA 1993)(reversing for a directed verdict on permanency where it was undisputed that plaintiff had a permanent TMJ injury caused by the accident).[1]
There having been no evidence to support the jury's finding of no permanent injury in this case, the trial court should have directed a verdict. We therefore reverse for a new trial on the amount of damages.
TAYLOR, J., and SCOLA, ROBERT N., Jr., Associate Judge, concur.
NOTES
[1] In Florida Department of Highway Safety and Motor Vehicles v. Schnurer, 627 So.2d 611 (Fla. 1st DCA 1993), the court suggested that Jarrell and Holmes are inconsistent with our supreme court's opinion in Easkold v. Rhodes, 614 So.2d 495 (Fla.1993). In Easkold, a jury found no permanent injury, and the first district reversed for a new trial on the ground that the uncontradicted expert testimony was that plaintiff had sustained a permanent injury. Rhodes v. Easkold, 588 So.2d 267 (Fla. 1st DCA 1991). Our supreme court reversed that decision because that opinion overlooked the fact that the plaintiff had given incomplete information to her treating physician who had testified that her injury was permanent. In Easkold, there was evidence that plaintiff's injuries may have preexisted the accident. In Jarrell and Holmes, there was no evidence that the injuries resulted from anything but the accident.

The Schnurer court may have been relying on the fact that in Easkold our supreme court quoted Standard Jury Instruction 2.2(b) which states that juries may accept or reject the opinions of experts. That jury instruction, however, is not an abstract principle of law. It is a jury instruction applicable when a jury is determining issues of fact and would not preclude a directed verdict on permanency in cases such as Jarrell, Holmes and this one.