637 So.2d 1008 (1994)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Kenneth W. THOMAS, Jannie M. Thomas, his wife, and Marvin Zalkin, Appellees.
Nos. 92-2908, 93-0004 and 93-0810.
District Court of Appeal of Florida, Fourth District.
June 8, 1994.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellant.
Jose G. Rodriguez, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, West Palm Beach, for appellees.
POLEN, Judge.
Allstate Insurance Company (Allstate), defendant below, appeals from a final judgment entered pursuant to a jury verdict in favor of plaintiffs, Kenneth W. Thomas and Jannie M. Thomas. We affirm.
This case arose out of two automobile accidents. The first occurred on September 5, 1987, and the second occurred on June 27, 1990. Appellee Kenneth W. Thomas was involved in both accidents. In the first accident, the other driver involved, Matthew Donaldson, was named as a defendant in this suit, but he was dropped as a party at the beginning of trial when plaintiffs (Thomas and his wife) settled with him for his policy limits. Plaintiffs/appellees additionally joined Allstate, their own uninsured/underinsured motorist carrier, as a party to the litigation with regard to the first accident. The other driver involved in the second accident, Marvin Zalkin, was named as a defendant as well, but he agreed to admit liability for the second accident in exchange for the plaintiffs'/appellees' agreement to limit any recovery to his policy limits of $500,000. Appellant Allstate admitted liability with regard to Donaldson in the first accident. As a result, liability was not an issue at trial as to either accident, and the only issues before the court were causation and apportionment of damages. There was extensive lay and expert testimony and other evidence presented regarding Thomas's physical condition before and after each accident, including testimony from Thomas's coworkers who observed him in the interim between the accidents.
The trial court directed a verdict in Thomas's favor on the issue of whether his injuries were permanent as a result of the first automobile accident. The court then instructed the jury on the apportionment of damages. The jury returned a verdict wherein it determined that each defendant's negligence caused damage to Thomas. The jury responded, "Yes," to the question on the verdict form, "Are you able to apportion or separate Kenneth Thomas' [sic] damages as between the accident of September 5, '87 and the accident of June 27, 1990?" The jury then assessed 50% of Thomas's damages to *1009 each accident and awarded Thomas $100,000 in total damages, with an award of $25,000 to his wife for her derivative claim.
We address only the first of Allstate's points on appeal, finding no merit in the remaining points. Allstate contends that the issue of whether plaintiff's injury was permanent after the first accident should have gone to the jury.
As a threshold matter, we disagree with Allstate's contention that Jarrell v. Churm, 611 So.2d 69 (Fla. 4th DCA 1992), is no longer good law and that we should apply Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993). In our view, the supreme court in Easkold did not overrule Jarrell. It merely pointed out that a jury could reject expert medical testimony even if it was uncontradicted or contradicted by lay testimony. In Easkold, however, there was ample evidence in the record from which a jury might conclude that the plaintiff had inaccurately reported her medical history to the experts. Easkold, 614 So.2d at 497-498. Thus, it is logical that under those facts, the jury must have the option to reject the experts' testimonies. The supreme court premised its holding on those facts. Id. at 498. Accordingly, cases decided after Easkold have relied on that case, in circumstances where the evidence adduced at trial could reasonably be rejected by a jury, because the suggestion is strong that plaintiff failed to accurately report his or her medical history. See e.g., Ullman v. City of Tampa Parks Dept., 625 So.2d 868 (Fla. 1st DCA 1993) (Judge of Compensation Claims not required to accept medical expert's opinion of relationship between accident and injury, where opinion was based on what the Judge of Compensation Claims believed to be an incorrect medical history); compare Holmes v. State Farm Mutual Automobile Insurance, 624 So.2d 824 (Fla. 2d DCA 1993) (Easkold distinguished and Jarrell applied, because no false medical history was involved and evidentiary conflicts were "both minor and indirect"). We note that Allstate cites this court's opinion in State Farm Mutual Automobile Insurance Co. v. Garcia, 621 So.2d 475 (Fla. 4th DCA 1993), but find that case has questionable precedential value here, since there are virtually no facts reported in that case. The Garcia court simply reversed and remanded with directions to the trial court to enter judgment in accordance with the jury verdict, because the trial court at the time it entered judgment, did not have the benefit of the Easkold decision. Similarly, in United States Fidelity & Guaranty Co. v. Perez, 622 So.2d 486 (Fla. 3d DCA 1993), the opinion contains no facts, but the court reversed and remanded to the trial court with directions that it grant the defendant a new trial and permit issues of permanency of plaintiff's injury to go to the jury. In Easkold, the supreme court wrote:
As we explained in Shaw [Shaw v. Puleo, 159 So.2d 641 (Fla. 1964)], "even though the facts testified to by [the medical expert] were not within the ordinary experience of the members of the jury, the jury was still free to determine their credibility and to decide the weight to be ascribed to them in the face of conflicting lay evidence."
614 So.2d at 498; Shaw, 159 So.2d at 644. In the present record, evidentiary conflicts between expert witness testimonies and those of lay witnesses, if any, are minor and indirect. We find them to be immaterial with respect to the issue of permanency of Thomas's injuries resulting from the first accident. Furthermore, we note that the expert witnesses remained firm on their opinions under extensive cross-examination on issues material to a finding of permanency. As a result, we are also not persuaded by Allstate's supplemental authority, Rice v. Everett, 630 So.2d 1184 (Fla. 5th DCA 1994).[1] We decline *1010 to apply Easkold to the instant facts and hold that the trial court committed no error when it directed a verdict as to the permanency of Thomas's injuries from the first accident.
Accordingly, the final judgment is affirmed in all respects.
DELL, C.J., and STEVENSON, J., concur.
NOTES
[1] In that case, both plaintiffs, husband and wife, were injured in an automobile accident. The one expert medical witness who testified for plaintiff wife revealed during cross-examination that he was unaware that she had had previous medical treatment for the same complaints prior to the automobile accident. He relied, therefore, on a false medical history. After being provided with additional medical history, the same expert changed his opinion regarding the cause of Mrs. Everett's injury. The defense's medical expert informed the jury that Mrs. Everett had had yet another accident. Mr. Everett's chiropractor opined that Mr. Everett, also suing for his injuries, suffered a 10% residual permanent impairment from the accident, but then the defense showed the jury a surveillance tape wherein both plaintiffs showed a full range of motion and Mr. Everett lifting heavy equipment onto the bed of a truck, which was inconsistent with their claim of disability. Rice, 630 So.2d at 1185. In the instant case, however, nothing presented in the way of surveillance contradicted an ultimate finding of permanency of injury in lay or expert opinion.