728 So.2d 270 (1999)
Betty A. EVANS, Appellant,
v.
Roberto A. MONTENEGRO, Appellee.
No. 98-685.
District Court of Appeal of Florida, Third District.
February 3, 1999.
Rehearing Denied April 14, 1999.
*271 Parenti, Falk & Waas, and Gail Leverett Parenti, Coral Gables, for appellant.
Bedzow, Korn, Brown, Lipton, & Miller, and Robert B. Miller, Aventura, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and GERSTEN, JJ.
GERSTEN, J.
Betty A. Evans, the defendant below ("defendant"), appeals a jury verdict in favor of Roberto A. Montenegro, the plaintiff below ("plaintiff"), in a personal injury action. Because we find no error in the trial court's entry of a directed verdict on the issue of injury permanency, we affirm.
The plaintiff sued the defendant for injuries arising from an automobile accident. The plaintiffs medical expert testified that the plaintiff sustained a permanent injury resulting in a nine to ten percent permanent impairment rating. The defendant countered with her own expert who testified that the plaintiff sustained a permanent injury, but assigned only a one percent permanent impairment rating.
Because there was no conflict in the expert testimony regarding whether the plaintiff sustained a permanent injury, the trial court directed a verdict in favor of the plaintiff on the issue of permanency. The issues of liability and degree of damages were then submitted to the jury, which returned a verdict in favor of the plaintiff.
On appeal, the defendant challenges the propriety of the directed verdict on the permanency issue. She argues that, although there was no direct evidence contradicting the experts' testimony, the jury was free to disregard such testimony, see Easkold v. Rhodes, 614 So.2d 495 (Fla.1993) (holding that the jury could disregard a medical expert's opinion where there was evidence that the plaintiff did not accurately report her medical history to that expert, and the expert relied upon such reporting as the basis for the expert's opinion), and should have been permitted to do so. She contends that it would be rational for the jury to disregard this testimony because the evidence showed that the plaintiffs expert was not board certified; that the plaintiff did not seek additional medical treatment following arthroscopic surgery; that the plaintiff seems to have maintained an active lifestyle, and; that the plaintiff did not even make a claim of lost earning capacity due to the injury. We disagree.
Permanency determinations are generally made by juries. See State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061 (Fla. 4th DCA 1995). Nonetheless, where the evidence of injury and causation is such that no reasonable inference could support a jury verdict for the defendant, it is not improper to direct a verdict on the permanency issue for the plaintiff. See State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d at 1063.
A plaintiff can establish a prima facie case of permanency by presenting expert testimony of permanency. Once this is done, the burden shifts to the defendant to: (1) present countervailing expert testimony; (2) severely impeach the proponent's expert; or (3) present other evidence which creates a direct conflict with the proponent's evidence. See Holmes v. State Farm Mut. Auto. Ins. Co., 624 So.2d 824 (Fla. 2d DCA 1993); Jarrell v. Churm, 611 So.2d 69 (Fla. 4th DCA 1992). If the defendant succeeds in this endeavor, a jury question is presented; if not, a directed verdict on permanency is appropriate.
Here, the defendant clearly failed to meet her burden. Although the defendant did put on expert testimony, that testimony also established that the plaintiffs injury was permanent. Furthermore, the defendant neither severely impeached the plaintiffs expert nor presented other conflicting evidence on the issue of permanency. The evidence relied upon by the defendant as a basis for this appeal was minor and indirect. See State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d at 1063; Allstate Ins. Co. v. Thomas, 637 So.2d 1008 (Fla. 4th DCA 1994); Holmes v. State Farm Mut. Auto. Ins. Co., 624 So.2d at 826.
*272 Accordingly, the final judgment is affirmed in all respects.
Affirmed.