RAMIREZ, J.
The defendants appeal from an adverse jury verdict in a personal injury case after the trial court directed a verdict on the permanency of the plaintiffs injuries. Because there was substantial conflict in the evidence regarding the plaintiffs injuries, we reverse.
On April 8, 1990, David Peralta was injured in an automobile accident with a vehicle driven by Jorge Perez and owned by Anderson Medina. Peralta has under-insured motorist coverage with Allstate. Medina and Perez are also insured by Allstate. (Hereafter, Medina, Perez, and Allstate will be collectively referred to as “defendants”). Peralta had also been involved in an automobile accident in 1978.
Shortly after the April, 1990, accident, Peralta complained of pain in his back, neck, and shoulder. In June of 1990, Per-alta filled out an application for a job in New York, in which he indicated that he did not have any physical problems. He moved to New York, where he received *378 treatment from a neurologist and an orthopedist. His orthopedist wrote a report dated September 9, 1991, in which he noted evidence of partial permanent disability of the cervical spine and lumbosacral spine, each of which appear to be related to the accident of April 8,1990.
Peralta returned to Miami and, in November of 1994, after suffering an accident on a stair climber home exercise device, he resumed his medical treatment with Dr. Barry Burak, a chiropractor. After ordering two MRIs, Dr. Burak found that Per-alta had a permanent disability that amounted to a fourteen to fifteen percent permanent impairment of the body as a whole. These MRIs were also reviewed by Dr. Robert Elias, a radiologist, who testified that Peralta had two distinct areas of spinal injury, one in the neck and one in the lower back. On cross-examination, Dr. Elias said that he found no desiccation, which he would have expected to see on an MRI taken in 1995 if it was caused by an accident that occurred in 1990. He did conclude that the cervical herniation was a result of the 1990 accident. An MRI taken in 1998 demonstrated desiccation. When asked whether the absence of desiccation in 1995 and the presence of desiccation in 1998 indicated that the trauma which caused the herniation was as recent as 1994, Dr. Elias could not conclude that there was not any new trauma. Peralta was also referred to Dr. Lustgarten, a neurosurgeon, in 1995. Neither Dr. Burak nor Dr. Lustgarten was made aware of Peralta’s 1978 automobile accident or the 1994 stair climber incident.
The evidence at trial included a surveillance film that was taken of Peralta in which he could be seen lifting concrete cinder blocks to shoulder level, lifting cast iron pipes, bending, and working in trenches.
At trial, the issues before the jury were permanency and causation of injury, and the amount of damages. At the close of evidence, Peralta moved for a directed verdict on the issue of permanency. The trial court granted the motion and the jury returned a verdict in the amount of $810,961.06, including $300,000 for future medical expenses. Defendants filed a motion for remittitur, which was denied. Defendant Allstate also filed a motion to limit the judgment against it to $100,000, the coverage limits of Peralta’s policy. That motion was also denied.
“A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a jury verdict, viewing the evidence in a light most favorable to the nonmoving party.” Blaustein v. Commodore Cruise Line, Ltd., 627 So.2d 131 (Fla. 3d DCA 1993) (quoting Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 941 (Fla. 3d DCA 1987)). We recently stated in Evans v. Montenegro, 728 So.2d 270, 271 (Fla. 3d DCA 1999), that a plaintiff' can establish a prima facie case of permanency through the presentation of expert testimony. “Once this is done, the burden shifts to the defendant to: (1) present countervailing expert testimony; (2) severely impeach the proponent’s expert; or (3) present other evidence which creates a direct conflict with the proponent’s evidence.” Id.
Peralta produced sufficient evidence to shift the burden to the defendants. In an attempt to meet this burden, the defendants presented evidence of Per-alta’s lack of veracity in relating his medical history to his treating physicians without disclosing the prior 1978 automobile accident or the 1994 stair climber incident. The defendants also argue that they sufficiently impeached the conclusions reached by Peralta’s experts as they presented: *379 the 1990 New York employment application indicating the lack of physical problems and evidence that Peralta passed a physical examination; evidence concerning the lack of medical treatment from April, 1991, until Peralta’s stair climber accident in November, 1994; and the surveillance film of Peralta. We agree with the defendants that they sufficiently met their burden under Evans v. Montenegro to have the jury decide the issue of permanency.
Peralta argues that the directed verdict was appropriate as it is undisputed that he suffered a permanent injury. He further contends that the issues of causation and damages were left for the jury. In support of this argument, Peralta points to the first question the jury answered: “Was the negligence on the part of Defendant Jorge Perez a legal cause of loss, injury or damage to Plaintiff David Peral-ta?”
The inherent flaw in Peralta’s argument is that nowhere in this question is causation tied to the permanency of Peralta’s injuries. This is critical because the issue of permanency was taken away from the jury. Based upon this question, the jury was required to determine only whether any injury was caused by the defendant. The jury could have properly answered the first question in the affirmative if Peralta had suffered any loss due to Jorge Perez’ negligence, regardless of the fact that Per-alta’s permanent injury could have been caused by the 1978 auto accident or the 1994 stair climber incident. The verdict form never asked the jury whether the permanent injury was caused by the accident which occurred on April 8,1990.
Generally, permanency and causation are treated together. See McElroy v. Perry, 753 So.2d 121, 124-25 (Fla. 2d DCA 2000) (“a directed verdict on permanency is proper where the evidence of injury and causation is such that no reasonable inference could support a jury verdict for the defendant”) (emphasis added). See also Evans v. Montenegro, 728 So.2d at 271. The only case cited for the proposition that the trial court can direct a verdict on permanency and submit the issue of causation to the jury is Allstate Ins. Co. v. Thomas, 637 So.2d 1008 (Fla. 4th DCA 1994), where the plaintiff was involved in two separate accidents. In affirming that case, the Fourth District found that the evidentiary conflicts, if any, between the testimony of expert witnesses and that of lay witnesses were “minor and indirect” and “immaterial with respect to the issue of permanency of [plaintiffs] injuries resulting from the first accident.” Id. at 1009. That is not the situation in our case where the conflicts were neither minor nor immaterial. The defendants presented evidence that Peralta was not candid in giving his medical history and that he had not received any medical treatment for over three years before suffering a new accident. The defendants also presented a surveillance film that showed an apparently healthy individual performing strenuous activities. Thus, the issues of permanency and causation should not have been separated given the conflicting evidence presented in this case.
We therefore reverse and remand for a new trial.[1]

. We also find merit in the defendants' arguments regarding the denial of the motions for remittitur and to limit the judgment, but choose not to discuss these issues at this stage of the proceedings as they are unnecessary for the resolution of this appeal.