PER CURIAM.
Miami-Dade County (“the County5’) appeals the trial court’s order denying the County’s motion for directed verdict and for judgment notwithstanding the verdict (“the motion”), and final judgment on age discrimination and retaliation claims. We affirm.
Mansour Eghbal (“Eghbal”), a sixty-nine-year-old County employee, applied for a promotion four times, but the County did not promote him. Thereafter, Eghbal sued for age discrimination and retaliation under the Florida Civil Rights Act (“the FCRA”), sections 760.01-760.11 and 509.902, Florida Statutes, claiming the County failed to select him for a promotion because of his age and because he filed an Equal Employment Opportunity Commission (“EEOC”) complaint.
At trial, the jury found age discrimination in one of the four promotion applications and retaliation in another promotion application. The County moved for directed verdict and for judgment notwithstanding the verdict. The trial court denied the motion. Thereafter, the trial court entered a final judgment in Eghbal’s favor on the two claims. The County appealed.
On appeal, the County contends that the trial court erred in denying its motion because Eghbal did not establish a prima facie case of age discrimination and retaliation. Eghbal asserts that the trial court did not err in denying the motion because it presented a prima facie case of age discrimination and retaliation for a jury determination. We agree with Eghbal.
The standard of review on appeal of the trial court’s ruling on a motion for directed verdict and for judgment notwithstanding the verdict is de novo. See Martin Cnty. v. Polivka Paving, Inc., 44 So.3d 126 (Fla. 4th DCA 2010). An appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the non-moving party’s favor. See Floyd v. Video Barn, Inc., 538 So.2d 1322 (Fla. 1st DCA 1989). If there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution. See Blizzard v. Appliance Direct, Inc., 16 So.3d 922, 925 (Fla. 5th DCA 2009).
To establish a prima facie case of age discrimination, Eghbal had to prove that: (1)he was a member of a protected class, i.e., at least forty years of age; (2) he was otherwise qualified for the positions sought; (3) he was rejected for the position; and (4) the position was filled by a worker who was substantially younger than the plaintiff.
Here, Eghbal proved that: (1) he was sixty-nine years old; (2) he was qualified for the position sought; (3) he was rejected for the position, and (4) the position was filled by a substantially younger worker. Therefore, because Eghbal proved a prima facie case of age discrimination, the trial court properly denied the motion.
Next, turning to retaliation under the FCRA, an employee must demonstrate: (1) that he or she engaged in statutorily protected activity, (2) that he or she suffered adverse employment action, and (3)that the adverse employment action *527 was causally related to the protected activity. Blizzard, 16 So.3d at 926.
Here, there was evidence to prove retaliation, to-wit, (1) Eghbal was engaged in a statutorily protected activity, filing the EEOC charges; (2) Eghbal’s adverse employment action was that he was denied the promotion; and (3) causal relation was established when Eghbal testified that the promotion decision makers knew of his lawsuit because “when something happens like that this, my case, it spreads around immediately in the County.” This became apparent when one of the promotion decision makers stated in his notes that Egh-bal thought he was, “extremely unfairly treated with county.” Therefore, since there was evidence concerning the retaliation, the trial court correctly denied the motion and allowed the jury to make the factual determination.
Accordingly, we affirm the trial court’s order denying the County’s motion and the final judgment.
Affirmed.
GERSTEN and SUAREZ, JJ., concur.