# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1056
Lower Tribunal No. 18-25764
_____

**Miami-Dade County**,
Appellant,

vs.

**Keisha Guyton**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Leona N. McFarlane, Assistant County Attorney, for appellant.

Roberts & Basnuevo, P.A., and H. Clay Roberts and Javier A. Basnuevo; Fornaris Law Firm, and Martha M. Fornaris, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

In September 2006, Keisha Guyton began working for Miami-Dade County as a part-time bus operator. She was eventually promoted to a full-time position, but, in 2017, suffered work-related injuries for which she made valid claims for workers' compensation benefits. Over a year after her injury, the County formally dismissed Guyton for long term absenteeism. Upon her dismissal, Guyton sued the County in a one-count complaint, alleging that the County violated section 440.205, Florida Statutes (2018), because it terminated her employment "by reason of" her valid claim for workers' compensation benefits following her on-the-job injury.[1]

The County responded, asserting that it had a legitimate business reason for terminating Guyton's employment—her inability to return to work for over a year following her injury (from March 2017 to June 2018). During the proceedings below, the trial court denied the County's motion for summary judgment and the case proceeded to a jury trial. The jury ultimately returned a verdict in favor of Guyton, finding that Miami-Dade discharged

---

[1] Section 440.205, Florida Statutes (2018), provides: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." To establish a claim under this statute, the employee must prove (1) she engaged in a statutorily protected activity; (2) an adverse employment action occurred; and (3) the adverse employment action and the employee's protected activity were causally related. Ortega v. Eng'g Sys. Tech., Inc., 30 So. 3d 525, 528 (Fla. 3d DCA 2010).

Guyton by reason of her valid workers' compensation claim, and awarding her damages in the total amount of $230,000. Final judgment was entered for that amount, and this appeal followed.

On appeal, the County challenges the trial court's ruling on summary judgment and the trial court's denial of the County's motion for directed verdict (and subsequent motion for judgment in accordance with its earlier motion for directed verdict), arguing Guyton presented no evidence her termination was causally related to her claim for workers' compensation benefits or that the County's provided reason was a pretext for retaliation. Guyton responds that she provided "abundant evidence" her termination was pretextual, specifically that the County failed to follow its own policies and procedures following her on-the-job injury and eventual dismissal.

While we apply de novo review to these rulings, in reviewing the trial court's denial of the County's motion for directed verdict (and motion for judgment in accordance with its earlier motion for directed verdict) "[a]n appellate court must evaluate the evidence in the light most favorable to the non-moving party, drawing every reasonable inference flowing from the evidence in the nonmoving party's favor, and "[i]f there is conflicting evidence or if different reasonable inferences may be drawn from the evidence, then the issue is factual and should be submitted to the jury for resolution." Miami-

3

Dade Cty. v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011) (citations omitted). A directed verdict should only be granted (or affirmed on appeal) "where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." Banco Espirito Santo Int'l, Ltd. v. BDO Int'l, B.V., 979 So. 2d 1030, 1032 (Fla. 3d DCA 2008) (quoting Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 329 (Fla. 2001)). "A directed verdict is proper only when the record conclusively shows an absence of facts or inferences from facts to support a Jury verdict, viewing the evidence in a light most favorable to the nonmoving party." Medina v. Peralta, 802 So. 2d 376, 378 (Fla. 3d DCA 2001). Because there were disputed issues of material fact at the summary judgment stage—particularly whether the County's discharge of Guyton was causally related to Guyton's workers' compensation claim, see e.g., Hornfischer v. Manatee Cty. Sheriff's Office, 136 So. 3d 703, 710 (Fla. 2d DCA 2014) (observing: "Generally speaking, an employer does not announce or state in writing that it is discharging an employee because he or she has filed a workers' compensation claim" and, consequently, "employee actions for a retaliatory discharge under section 440.205 are often ill suited to final disposition on a motion for summary judgment")—we affirm

4

the trial court's denial of the County's motion for summary judgment.[2]  And because the evidence admitted at trial, viewed in a light most favorable to Guyton, supported the jury's verdict, we affirm as well the trial court's denial of the County's motion for directed verdict and motion for judgment in accordance with its earlier motion for directed verdict.

Affirmed.

---

[2] Guyton contends on appeal that the denial of a pretrial motion for summary judgment is unreviewable after a full trial and judgment on the merits and that the scope of this court's review should be limited to the sufficiency of the evidence presented at trial to determine if it supports the jury's verdict.  For this proposition, Guyton cites Lind v. UPS, 254 F.3d 1281, 12846 (11th Cir. 2001) ("Recently, we simply stated that the denial of a motion for summary judgment is not reviewable after a trial on the merits has occurred" (citing Munoz v. Oceanside Resorts, 223 F. 3d 1340, 1344 n.3 (11th Cir. 2000) ("[O]nce a trial on the merits has occurred, . . . the denial of [a motion for summary judgment] is unreviewable on appeal")). The Eleventh Circuit in Lind further noted that at least ten circuits have held that the denial of summary judgment is not reviewable on appeal after a full trial and final judgment on the merits. See Pahuta v. Massey-–Ferguson, Inc., 170 F.3d 125, 130 (2d Cir.1999); Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp., 51 F. 3d 1229, 1234 (4th Cir.1995); Watson v. Amedco Steel, Inc., 29 F.3d 274, 277-–78 (7th Cir.1994); Black v. J.I. Case Co., 22 F.3d 568, 570-–72 (5th Cir.1994); Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co., 19 F.3d 431, 434 (8th Cir.1994); Lama v. Borras, 16 F.3d 473, 476 n.5 (1st Cir.1994); Whalen v. Unit Rig, Inc., 974 F.2d 1248, 1250-–51 (10th Cir.1992); Jarrett v. Epperly, 896 F.2d 1013, 1016 (6th Cir.1990); Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1358-–59 (9th Cir.1987); Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 & n. 14 (Fed. Cir. 1986).  Because we find no error in either the denial of the motion for summary judgment or in the denial of the motion for directed verdict, we need not reach this issue.